UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DAVID GARDNER, <br> DIANE HERRON, <br>     Plaintiffs, <br>         v. <br> PAUL BISKER CONTRACTING, INC., <br> PAUL BISKER, <br> KYLE R. TOM, II, <br>     Defendants. | No. 1:17-cv-01968-JPH-MJD |

**ORDER GRANTING PLAINTIFFS' MOTION FOR
PARTIAL SUMMARY JUDGMENT**

Plaintiffs David Gardner and Diane Herron filed this lawsuit after a home they were having built was not completed. They have moved for partial summary judgment against the builder, Paul Bisker Contracting, Inc., dkt. [55], which has not appeared in this case. For the reasons below, that motion is **GRANTED**.

**I.
Facts and Background**

Under Rule 56(a), the Court views and recites the evidence "in the light most favorable to the non-moving party and draw[s] all reasonable inferences in that party's favor." *Zerante v. DeLuca,* 555 F.3d 582, 584 (7th Cir. 2009) (citation omitted). Paul Bisker Contracting, Inc. has not responded to Mr. Gardner and Ms. Herron's motion for partial summary judgment, so the Court treats Mr. Gardner and Ms. Herron's supported factual assertions as

1

uncontested. See S.D. Ind. L.R. 56-1(b),(f); Smith v. Lamz, 321 F.3d 680, 683 (7th Cir. 2003).

After 25 years in the Cleveland, Ohio area, Mr. Gardner and Ms. Herron retired and decided to move back to Ms. Herron's hometown of Richmond, Indiana. Dkt. 65-1 at 22 (Herron Dep. at 83). In March 2016, Mr. Gardner and Ms. Herron chose Paul Bisker Contracting, Inc. to build their retirement home. Dkt. 65-1 at 22 (Herron Dep. at 83); dkt. 65-3. Defendants Paul Bisker and Paul Bisker Contracting, Inc. ran into financial troubles and stopped nearly all work on the house. Dkt. 65-7 at 11–12 (Paul Bisker Dep. at 38–41); dkt. 65-10 at 1 (Paula Bisker Dep. at 16). In early 2017, Mr. Bisker told Mr. Gardner and Ms. Herron that he would not be able to continue construction. Dkt. 65-6 at 5 (Paul Bisker Dep. at 15–16).

Mr. Gardner and Ms. Herron sued Kyle Tom II, Mr. Bisker, and Paul Bisker Contracting, Inc., asserting claims for: (1) breach of contract, (2) common law conversion, (3) criminal conversion, (4) criminal deception, (5) money had and received, and (6) negligence. Dkt. 1. Mr. Gardner and Ms. Herron moved for partial summary judgment against Paul Bisker Contracting, Inc. on the breach of contract claim.

## II.
## Applicable Law

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party must inform the court "of the basis for its motion" and specify evidence

2

demonstrating "the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party meets this burden, the nonmoving party must "go beyond the pleadings" and identify "specific facts showing that there is a genuine issue for trial." *Id.* at 324.

In ruling on a motion for summary judgment, the Court views the evidence "in the light most favorable to the non-moving party and draw[s] all reasonable inferences in that party's favor." *Zerante*, 555 F.3d at 584 (citation omitted).

### III.
### Analysis

Indiana law governs Mr. Gardner and Ms. Herron's breach of contract claim. *See Wallace v. McGlothan*, 606 F.3d 410, 418 (7th Cir. 2010). "The essential elements of a breach of contract action are the existence of a contract, the defendant's breach thereof, and damages." *Berkel & Co. Contractors v. Palm & Assocs.*, 814 N.E.2d 649, 655 (Ind. Ct. App. 2004).

Mr. Gardner and Ms. Herron argue that their undisputed designated evidence establishes the elements of their breach of contract claim. Dkt. 56. Paul Bisker Contracting, Inc. has not appeared in this case and did not respond.

Designated evidence supports each element of Mr. Gardner and Ms. Herron's breach of contract claim. Paul Bisker Contracting, Inc.'s "Proposal & Specification Sheet" details the home to be built and gives the total cost. Dkt. 57-2. In March 2016, Mr. Bisker prepared the document and Mr. Gardner and

3

Ms. Herron accepted it.  *Id.*  That is enough to show a contract.  *See Berkel,* 814 N.E.2d at 655–56.  Paul Bisker Contracting, Inc. did not complete Mr. Gardner and Ms. Herron's home, so the breach and damages elements are also satisfied.  *See Fowler v. Campbell,* 612 N.E.2d 596, 601–02 (Ind. Ct. App. 1993).

Mr. Gardner and Ms. Herron are thus entitled to summary judgment on the breach of contract claim against Paul Bisker Contracting, Inc.

## IV.
## Conclusion

Mr. Gardner and Ms. Herron's motion for partial summary judgment, dkt. [55], is **GRANTED**.  The Court **ACCEPTS** the joint stipulation regarding Mr. Gardner and Ms. Herron's motion for partial summary judgment.  Dkt. [60].

**SO ORDERED.**

Date: 6/27/2019

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

Gregory P. Cafouros
KROGER GARDIS & REGAS, LLP
gpc@kgrlaw.com

Vilda Samuel Laurin, III
BOSE McKINNEY & EVANS
slaurin@boselaw.com

Justin W. Leverton
KROGER GARDIS & REGAS LLP
jleverton@kgrlaw.com

4