UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DAVID GARDNER,<br>DIANE HERRON,<br><br>          Plaintiffs,<br><br>          v.<br><br>PAUL BISKER CONTRACTING, INC.,<br>PAUL BISKER,<br><br>          Defendants. | No. 1:17-cv-01968-JPH-MJD |

**ORDER ON SUPPLEMENTAL MOTION TO ENTER FINAL JUDGMENT**

In September 2019, Plaintiffs filed a motion to enter final judgment against Paul Bisker Contracting, Inc. in the amount of $310,022.27. Dkt. 87. The Court ordered Plaintiffs to supplement that motion because it did not identify a standard for determining damages or explain why the requested award was justified. Dkt. 89. Plaintiffs filed their supplemental motion, requesting final judgment in the amount of $160,885.77. Dkt. 91.

**I.
Proving Damages**

Plaintiffs support their claim with a supplemental affidavit from Plaintiff Diane Herron and a spreadsheet outlining the costs incurred to complete the home. Dkt. 91-1, 91-2. While this evidence appears to support most of Plaintiffs' claims, *see United States v. Di Mucci*, 879 F.2d 1488, 1497 (7th Cir. 1989), three spreadsheet entries—for $13.44, $22.88, and $82.82—are only given the description of "?". Dkt. 91-2 at 2. This lack of description cannot establish that Plaintiffs are entitled to these amounts in damages. *See Di*

1

*Mucci*, 879 F.2d at 1497. Therefore, if Plaintiffs do not provide more detailed descriptions, the Court will exclude those amounts from any judgment.

## II.
## Ability to Enter Judgment

The Court granted Plaintiffs partial summary judgment against Paul Bisker Contracting, Inc. on Plaintiffs' breach of contract claim. Dkt. 79. However, Plaintiffs' other claims against Defendant Paul Bisker Contracting and their claims against Defendant Paul Bisker in his individual capacity remain. Final judgment under Federal Rule of Civil Procedure 58 is therefore inappropriate. *See Smart v. Local 702 Intern. Broth. of Elec. Workers*, 573 F.3d 523, 525 (7th Cir. 2009) ("A final judgment is one that resolves all claims against all parties.").

Nor have Plaintiffs shown that a partial final judgment under Federal Rule of Civil Procedure 54(b) is appropriate. Other claims remain against Paul Bisker Contracting and the breach of contract claim remains against Defendant Paul Bisker individually. *See* dkt. 1 at 10; *Factory Mut. Ins. Co. v. Bobst Grp. USA, Inc.*, 392 F.3d 922, 924 (7th Cir. 2004) ("Rule 54(b) permits entry of a partial final judgment only when all of one party's claims or rights have been fully adjudicated, or when a distinct claim has been fully resolved with respect to all parties."). More than thirty days passed between the entry of partial summary judgment and Plaintiffs' motion for entry of final judgment. *See* dkt. 79, dkt. 87; *King v. Newbold*, 845 F.3d 866, 868 (7th Cir. 2017) ("[A]s a general rule it is an abuse of discretion for a district judge to grant a motion for a Rule

2

54(b) order when the motion is filed more than thirty days after the entry of the adjudication to which it relates."). And Plaintiffs have not explained why the Court should now "expressly determine[ ] that there is no just reason for delay." Fed. R. Civ. P. 54(b).

Plaintiffs therefore **SHALL SUPPLEMENT** their motion by **December 20, 2019**, addressing the issues identified in this order.

**SO ORDERED.**

Date: 11/27/2019

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

Gregory P. Cafouros
KROGER GARDIS & REGAS, LLP
gpc@kgrlaw.com

Vilda Samuel Laurin, III
BOSE McKINNEY & EVANS
slaurin@boselaw.com

Justin W. Leverton
KROGER GARDIS & REGAS LLP
jleverton@kgrlaw.com